# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| BRANDY BOND,<br><br>                     Plaintiff,<br>v.<br><br>WISCONSIN HOSPITALITY GROUP, MICHAEL POMA, GRAND AVENUE MALL LLC, and UNIVERSAL COMPANIES SECURITY,<br><br>                     Defendants. | Case No. 17-CV-114-JPS<br><br><br><br><br><br>**ORDER** |

The plaintiff filed a *pro se* complaint alleging that her civil rights were violated. (Docket #1). This matter comes before the court on the plaintiff's petition to proceed *in forma pauperis*. (Docket #2). Notwithstanding the payment of any filing fee, the Court must dismiss a complaint if it raises claims that are "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [she] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and her statement need only "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) she was deprived of a right secured by the Constitution or laws of the

United States; and 2) the deprivation was visited upon her by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The plaintiff alleges that the defendant Michael Poma was a manager of an Applebee's restaurant. (Docket #1 at 3). She claims that he violated her First Amendment right to freedom of speech by "having her arrested for complaining after being abused by himself (Mike Poma) and his staff." *Id.* The plaintiff alleges that she was a former employee of Poma's and "question[ed] [his] hiring practices" while dining in his restaurant. *Id.* As a result, her food was withheld, her "personal space was violated," and she was verbally assaulted and physically intimidated. *Id.* This triggered a PTSD anxiety attack in the plaintiff that has caused her lasting mental distress. *Id.* at 3-4. She further alleges that the defendants' actions damaged her political career and defamed her. *Id.*

The plaintiff's constitutional claim fails because none of the defendants are state actors, the second required element of a claim for constitutional injury. *See Buchanan-Moore*, 570 F.3d at 827; *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 815 (7th Cir. 2009) ("In order to be characterized as state action, 'the deprivation [of constitutional rights] must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the [S]tate or by a person for whom the State

is responsible ... [and] the party charged with the deprivation must be a person who may fairly be said to be a [S]tate actor.'") (quoting *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982)). The defendants are all private persons or companies and cannot be liable for violating the plaintiff's free speech rights.

The Court declines jurisdiction of the remaining claims and so does not reach their merits. The claims for damage to the plaintiff's political aspirations and for defamation are, if valid, state law claims which fall outside this Court's original jurisdiction. *See* 28 U.S.C. §§ 1331, 1367(a) and (c)(3); *RWJ Management Co., Inc. v. BP Products North America, Inc.*, 672 F.3d 476, 478 (7th Cir. 2012) ("When federal claims drop out of the case, leaving only state-law claims, the district court has broad discretion to decide whether to keep the case or relinquish supplemental jurisdiction over the state-law claims. A general presumption in favor of relinquishment applies[.]"). Those claims will be dismissed without prejudice in the event the plaintiff wishes to raise them in state court.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and the same is hereby is **GRANTED**;

**IT IS FURTHER ORDERED** that the plaintiff's constitutional claim be and the same is hereby **DISMISSED with prejudice**;

**IT IS FURTHER ORDERED** that the plaintiff's state law claims, if any, be and the same are hereby **DISMISSED without prejudice**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim; and

**THE COURT FURTHER CERTIFIES** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting her appeal.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 31st day of January, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge